**Alton F. CHOPIN, III, Appellant,**

v.

**AMERICAN AUTOMOBILE ASSOCIATION OF MISSOURI; James Martindale; Martindale Chevrolet, Inc., a Missouri corporation; and Lucy Lee Hospital, Inc., a Missouri corporation, Respondents.**

No. 21640.

Missouri Court of Appeals,
Southern District,
Division One.

May 11, 1998.

Rehearing Denied June 1, 1998.

Terry M. McVey, Crow, Reynolds, Preyer, Shetley & McVey, LLP, Kennett, for Appellant.

Tracey Oakes O'Brien, Goffstein, Raskas, Pomerantz, Kraus, Sherman, Ruthmeyer & Susman, LLC, St. Louis, for Respondent's James Martindale and Martindale Chevrolet, Inc.

CROW, Judge.

Alton F. Chopin, III ("Chopin") sued four defendants: American Automobile Association of Missouri ("AAA"); James Martindale; Martindale Chevrolet, Inc., a Missouri corporation; and Lucy Lee Hospital, Inc., a Missouri corporation ("Hospital").

Chopin subsequently dismissed the suit as to Hospital.

The three remaining defendants filed motions for summary judgment. The trial court granted the motions.

Chopin appeals.[1] The two points relied on in his brief aver the trial court "erred in sustaining Martindale's motion for summary judgment."

As demonstrated in the first sentence of this opinion, there were two defendants bear-

1. Chopin's brief tells us: "No appeal is taken from the Judgment in favor of Automobile Asso- ciation of Missouri [sic]."

ing the name "Martindale." One was an individual, James Martindale; the other was a corporation, Martindale Chevrolet, Inc.

■ Inasmuch as both of Chopin's points relied on use the singular possessive "Martindale's" instead of the plural possessive "Martindales'," we deduce Chopin is assigning error as to the award of summary judgment in favor of only one of those defendants. Endeavoring to identify which, we note the statement of facts in Chopin's brief refers to certain oral statements allegedly made by "Defendant Martindale" and refers to that party as "he." Accordingly, we conclude the issues on appeal are between only Chopin and James Martindale.[2] For convenience, and consistent with Chopin's points relied on, we henceforth refer to James Martindale as "Martindale."

Martindale's motion for summary judgment,[3] in scrupulous compliance with Rule 74.04(c)(1),[4] stated with particularity in separately numbered paragraphs each material fact as to which Martindale claimed there was no genuine issue, with specific references to the pleadings, depositions, answers to interrogatories and exhibits that allegedly demonstrated the lack of a genuine issue as to such fact.

Rule 74.04(c)(2) sets forth the requirements for a response to a motion for summary judgment. The rule provides, in pertinent part:

"The response shall admit or deny each of movant's factual statements in numbered paragraphs that correspond to movant's numbered paragraphs, shall state the reason for each denial, shall set out each additional material fact that remains in dispute, and shall support each factual statement asserted in the response with specific references to where each such fact appears in the pleadings, discovery or affidavits."

■ Chopin's response to Martindale's motion for summary judgment did not comply with the above rule in that Chopin's response did not admit or deny each of Martindale's factual statements in numbered paragraphs corresponding to Martindale's numbered paragraphs. Consequently, were we to undertake to ascertain which factual statements in Martindale's motion were admitted by Chopin and which factual statements in Martindale's motion were denied by Chopin, we would have to separately compare each averment (and the supporting sources) in Martindale's motion to each averment (and the supporting sources) in Chopin's response.[5] That is a task we are not required to perform.

■ The requirements of Rule 74.04(c)(2) are mandatory. *Butler v. Tippee Canoe Club,* 943 S.W.2d 323, 325 (Mo.App. E.D. 1997). Where a motion for summary judgment meets the requirements of Rule 74.04(c)(1), an inadequate response fails to preserve any dispute of a material fact. *Id.* at [2]. Consequently, we could treat each statement of a material fact in Martindale's motion as true. *Cf. Scott v. Flynn,* 946 S.W.2d 248, 250[1] (Mo.App. E.D.1997).

Were Chopin's defective response to Martindale's motion the only procedural flaw, we might be inclined to ignore the violation and trudge onward, attempting to figure out (1) which facts—if any—essential to judgment in favor of Martindale are genuinely disputed by Chopin, and (2) which facts—if any—that might defeat Martindale's motion for summary judgment are asserted by Chopin and admitted, or not denied, by Martindale.

---

**2.** As explained in footnote 1, *supra,* Chopin does not seek reversal of the portion of the judgment in favor of AAA. Because we have deduced that neither of Chopin's points relied on assigns any error regarding the entry of judgment in favor of Martindale Chevrolet, Inc., we hold Chopin has abandoned the appeal as to that defendant. *Charles Palermo Company, Inc. v. Wyant,* 530 S.W.2d 15, 17[1] (Mo.App.1975).

**3.** Martindale and Martindale Chevrolet, Inc. filed a joint motion for summary judgment.

**4.** Rule references are to Missouri Rules of Civil Procedure (1997).

**5.** Martindale's motion has 29 separately numbered paragraphs. Chopin's response has four separately numbered paragraphs (two of which contain four separate subparagraphs) plus three unnumbered paragraphs.

However, there is an even steeper procedural hurdle.

Rule 84.04(a) requires an appellant's brief to contain, *inter alia,* a statement of facts. Rule 84.04(c) requires the statement of facts to be "a fair and concise statement of the facts relevant to the questions presented for determination."

The question presented for determination by Chopin's first point is whether Martindale had a duty "to protect [Chopin] from injury."[6] Chopin asserts a person must act with ordinary care and "not take actions which result in injury to others where injuries are foreseeable." Obviously, determining whether Martindale owed a duty to Chopin and, if so, what such duty was, hinges on the facts of the incident on which Chopin bases this suit.

■ Inasmuch as the trial court adjudicated this case by summary judgment, the facts on which the trial court based its decision were those established pursuant to Rule 74.04(c)(1) and (2). It is thus evident that in order to review the judgment, we must scrutinize those facts. Consequently, the statement of facts in Chopin's brief should have set forth the material facts established by Rule 74.04(c)(1) and (2), together with the pages in the legal file where such facts are established.[7]

Instead, the statement of facts in Chopin's brief sets forth an account of the facts that does not correspond to the factual statements in the consecutively numbered paragraphs of Martindale's motion. Therefore, we cannot determine *from the statement of facts in Chopin's brief* which material facts were established by Martindale's motion, nor can we determine which material facts, if any, pled by Martindale's motion were properly denied by Chopin's response.

■ An appellant has the duty to define the scope of the controversy by stating the relevant facts fairly and concisely. *Haynes Family Corp. v. Dean Properties, Inc.*, 923 S.W.2d 465, 466[2] (Mo.App. S.D.1996); *Amparan v. Martinez*, 862 S.W.2d 497, 498 (Mo.

App. E.D.1993). The purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case. *Haynes Family Corp.*, 923 S.W.2d at 466–67[3]; *Amparan*, 862 S.W.2d at 498. A statement of facts containing practically no facts relating to any issue raised on appeal does not comply with Rule 84.04(c). *Haynes Family Corp.*, 923 S.W.2d at 467[5]; *Mease v. McGuire*, 886 S.W.2d 654, 655[2] (Mo.App. S.D.1994).

■ Because the statement of facts in Chopin's brief does not identify (1) the material facts established by Martindale's motion for summary judgment and Chopin's response, or (2) the material facts, if any, pled in Martindale's motion and properly denied by Chopin's response, we hold the statement of facts violates Rule 84.04(c). Violations of Rule 84.04(c) constitute grounds for dismissal of an appeal. *Haynes Family Corp.*, 923 S.W.2d at 466–67[4]; *Amparan*, 862 S.W.2d at 498[1].

We hold Chopin's violation of Rule 84.04(c) warrants dismissal of this appeal. However, as we are aware that dismissing it might possibly result in manifest injustice or miscarriage of justice, we have taken the precaution of reviewing the judgment under Rule 84.13(c). That rule empowers an appellate court, in its discretion, to consider plain errors, though not raised or preserved, if manifest injustice or miscarriage of justice resulted therefrom. Having gratuitously examined the record, we find no plain error justifying relief under that rule.

Appeal dismissed.

GARRISON, P.J., and BARNEY, J., concur.

---

6. Chopin's second point depends on the survival of his first. If the first fails, the second collapses with it.

7. Rule 84.04(h) requires that all statements of fact have specific page references to the legal file or the transcript.