In re ESTATE OF Barry Bryce CLIFTON, Deceased.

Nancy Clifton, Personal Administrator and Individually, Plaintiff–Appellant,

v.

St. Clair County Hospital District # 1 d/b/a Sac Osage Hospital, Defendant–Respondent.

No. 24164.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 12, 2001.

Motion for Rehearing or Transfer Denied Oct. 30, 2001.

H. Kent Desselle, Desselle Law Office, P.C., Independence, for plaintiff-appellant.

David E. Overby, Harrison, Hyde & Love, LLP, Springfield, for defendant-respondent.

JOHN E. PARRISH, Judge.

Nancy Clifton (plaintiff), individually and as personal administrator of the estate of Barry Bryce Clifton, appeals a summary judgment in an action for wrongful death and lost chance of survival brought against St. Clair County Hospital District # 1 d/b/a Sac Osage Hospital (Hospital). The judgment found plaintiff's claims barred by the doctrine of sovereign immunity. This court affirms.

Plaintiff's petition alleged that Barry Bryce Clifton was involved in an automobile collision in an area serviced by Hospital; Hospital's primary communications transmission and receiving system was inoperable; Hospital was required to use a "combination runner/hand-held mobile radio system"; Hospital had a duty to provide an adequate communications system between the hospital and ambulances; Hospital knew, or by the exercise of ordinary care should have known, that their communication system posed an unsafe and dangerous condition.

Plaintiff alleged Hospital was negligent in failing to provide adequate protection from the forces of nature; failing to have a proper and adequate secondary communications system; failing to timely dispatch an emergency response team; failing to timely notify and dispatch a life flight air ambulance; and failing to take additional reasonable precautions which would have prevented decedent's death. Plaintiff alleged Hospital's negligence caused a delay in decedent's treatment resulting in his death.

■ In the petition, plaintiff concedes Hospital is a hospital created under and pursuant to § 206.010[1] and, as such, is a political body of the State of Missouri. Public entities, including hospitals created pursuant to § 206.010, are immune from liability and suit for negligence in performing their functions. *State ex rel. New Liberty Hosp. Dist. v. Pratt*, 687 S.W.2d 184, 186 (Mo. banc 1985). Plaintiff alleged that the claims in her petition fall within statutory exceptions, §§ 537.600 and 537.610, to sovereign immunity.

Hospital filed a motion for summary judgment asserting it was protected from plaintiff's claims under the doctrine of sovereign immunity. The motion stated that

---

1. References to statutes are to RSMo 2000.

Hospital was created under and pursuant to § 206.010 and, as such, is a political body of the State of Missouri; Hospital's liability insurance does not apply to any claim or suit barred by the doctrines of sovereign immunity or official immunity; and plaintiff failed to allege negligence falling within either the operation of a motor vehicle exception or a dangerous condition of property exception.

Plaintiff did not file an answer to Hospital's motion. Plaintiff filed a responsive pleading denominated as suggestions in opposition to Hospital's motion for summary judgment. Plaintiff's suggestions include a supplemental statement of facts and argument.

■ Rule 74.04 governs motions for summary judgment. The requirements of Rule 74.04 are mandatory. *Reese v. Ryan's Family Steakhouses, Inc.,* 19 S.W.3d 749, 751 (Mo.App.2000). Rule 74.04 requires the party against whom summary judgment is sought to file a response admitting or denying each factual statement in the motion.

Within thirty days after a motion for summary judgment is served, the adverse party shall serve a response on all parties, and, if the adverse party is relying on affidavits, the response shall have attached thereto affidavits not previously filed. The response shall admit or deny each of movant's factual statements in numbered paragraphs that correspond to movant's numbered paragraphs, shall state the reason for each denial, shall set out each additional material fact that remains in dispute, and shall support each factual statement asserted in the response with specific references to where each such fact appears in the pleadings, discovery or affidavits. The response may also have attached thereto a legal memorandum explaining why summary judgment cannot be granted. Rule 74.04(c)(2).

■ The response filed by plaintiff did not admit or deny each of Hospital's factual statements in numbered paragraphs corresponding to Hospital's numbered paragraphs. This court is not required to compare each averment in plaintiff's suggestions to each averment in Hospital's motion for summary judgment in order to ascertain which factual statements were admitted or denied by plaintiff. *Chopin v. American Auto. Ass'n of Missouri,* 969 S.W.2d 248, 250 (Mo.App. 1998).

■ This court further notes that plaintiff's response to Hospital's motion for summary judgment was not timely. Hospital's motion was filed March 17, 2000. Plaintiff's suggestions in opposition to the motion were filed December 8, 2000. An untimely filed response to a motion for summary judgment is inadequate and fails to preserve any dispute of a material fact. *Butler v. Tippee Canoe Club,* 943 S.W.2d 323, 325 (Mo.App.1997). *See also Sours v. Pierce,* 908 S.W.2d 863, 865–66 (Mo.App. 1995). The trial court did not err in entering summary judgment in favor of Hospital. Plaintiff's point on appeal is denied.

The judgment is affirmed.

GARRISON, P.J., and RAHMEYER, J., concur.

## ON MOTION FOR REHEARING OR APPLICATION FOR TRANSFER

PER CURIAM.

Appellants assert in a motion for rehearing that the time for filing a response to the motion for summary judgment that was granted in this case was not met because of an agreement with opposing counsel to delay its filing. No record of an

agreement permitting the filing of a late pleading was part of the record on appeal. The record on appeal contained no order of the trial court granting leave to file a late response.

Cases on appeal are decided based on the record presented to the appellate court. *McDonald v. Thompson*, 35 S.W.3d 906, 912 (Mo.App.2001); *Brawley & Flowers, Inc. v. Gunter*, 934 S.W.2d 557, 561 (Mo.App.1996). Appellants' claim that untimely filing of their response was authorized is dehors the record. Regardless, the response filed did not comply with the requirements of Rule 74.04(c)(2). Its contents did not readily identify factual statements in the motion for summary judgment that were admitted or denied. The motion for rehearing or application for transfer is denied.