**WICHITA FALLS PRODUCTION CREDIT ASSOCIATION,**
Respondent,

v.

Lorna DISMANG and Doyle Dismang, a/k/a Doyal Dismang, Bill Hite, Kenneth Burdette and CTMI, Inc., Appellants.

No. 24264.

Missouri Court of Appeals, Southern District, Division One.

July 15, 2002.

David E. Schroeder, David Schroeder Law Offices, P.C., Springfield, for appellants.

Kirk E. Crutcher, Andrew Little, Sprouse, Smith & Rowley, P.C., Amarillo, John Holstein, Shugart, Thomson & Kilroy, P.C., Springfield, for respondent.

ROBERT S. BARNEY, Chief Judge.

Kenneth Burdette and CTMI, Inc., (collectively "Appellants") appeal from a final judgment incorporating the circuit court's order granting Wichita Falls Production Credit Association's ("Respondent") second motion for summary judgment. In its second motion for summary judgment, Respondent sought a declaratory judgment as to its priority of ownership of cattle under a security agreement made with third parties, and sought damages for their conversion by Appellants.[1] In its order, the trial court also entered summary judgment against Appellants on their first amended counterclaims for an agister's lien, conversion and "tortious interference."[2]

We now take up Respondent's pending motion to dismiss Appellants' appeal on the basis of Appellants' failure to comply with Rules 74.04(c) and 84.04(c).[3] We sus-

tain the motion and dismiss Appellants' appeal. See Chopin v. American Auto. Ass'n of Missouri, 969 S.W.2d 248 (Mo. App.1998).

■ "Rule 74.04 governs motions for summary judgment." In re Estate of Clifton, 69 S.W.3d 500, 502 (Mo.App.2001). "The requirements of Rule 74.04 are mandatory." Id. "When considering appeals from summary judgments, the Court will review the record in the light most favorable to the party against whom judgment was entered." ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). Because the propriety of summary judgment is purely an issue of law, the appellate court's review is essentially de novo. Id.

■ "[W]hen a moving party makes a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to a judgment as a matter of law, the adverse party is not permitted to rest upon the mere allegations or denials of his pleadings." Birdsong v. Christians, 6 S.W.3d 218, 222 (Mo. App.1999) (quoting McAninch v. Robinson, 942 S.W.2d 452, 456 (Mo.App.1997)). "Rule 74.04(e) provides, in part, that a party responding to a properly supported motion for summary judgment must respond in the manner set forth in the rule, and if the party fails to do so, 'summary judgment, if appropriate, shall be entered against that party.'" Id. at 222–23 (quot-

---

1. Lorna Dismang, Doyle Dismang and Bill Hite were parties in this action, together with intervenor Robert Paulsen. Their interests in the cattle have been disposed of in the litigation, either by agreement, non-suit or judgment. They are not directly involved in this appeal.

2. A jury trial was subsequently held on the issue of the fair market value of the converted cattle. Following a verdict for Respondent, the trial court entered a final judgment

awarding Respondent $181,712.74, after allowing Appellants credit in the sum of $55,187.26 for expenses incurred caring for the cattle in question while a temporary restraining order was in force, together with prejudgment interest at 9% from October 26, 1995, to the date of the judgment.

3. All Rule references are to Missouri Court Rules (2002).

ing *Southard v. Buccaneer Homes, Corp.*, 904 S.W.2d 525, 530 (Mo.App.1995)); *see ITT Commercial Fin. Corp.*, 854 S.W.2d at 380. "Failure to respond to the factual allegations in a defendant's motion for summary judgment is an admission of those facts." *Birdsong*, 6 S.W.3d at 223 (quoting *Williams v. Thomas*, 961 S.W.2d 869, 872 (Mo.App.1998)). "However, the key to a summary judgment is the undisputed right to a judgment as a matter of law; not simply the absence of a fact question." *Id.* (quoting *Southard*, 904 S.W.2d at 530).

■ As required in Rule 74.04(c)(1), Respondent's second motion for summary judgment set out with particularity, in separately numbered paragraphs, each material fact as to which Respondent claimed there was no genuine issue, with specific references to the pleadings, depositions, affidavits and exhibits that demonstrated the lack of a genuine issue as to such fact.

■ However, Appellants' response to the motion for summary judgment did not comply with Rule 74.04(c)(2), which requires that a response to a motion for summary judgment: (1) "admit or deny each of movant's factual statements in numbered paragraphs that correspond to movant's numbered paragraphs;" (2) "set out each additional material fact that remains in dispute;" and (3) "support each factual statement asserted in the response with specific references to where each such fact appears in the pleadings, discovery or affidavits." Rule 74.04(c)(2). Here Appellants merely filed a responsive pleading entitled "Suggestions in Opposition" to Respondent's second motion for summary judgment. "Where a motion for summary judgment meets the requirements of Rule 74.04(c)(1), an inadequate response fails to preserve any dispute of a material fact." *Chopin*, 969 S.W.2d at 250. This Court is not required to compare each averment in

Appellants' suggestions to each averment in Respondent's second motion for summary judgment in order to ascertain which factual statements were admitted or denied by Appellants. *In re Estate of Clifton*, 69 S.W.3d at 502. Factual allegations in a motion for summary judgment which are not denied in a properly drafted response as set out in Rule 74.04(c)(2) are treated as admitted. *Reese v. Ryan's Family Steakhouses, Inc.*, 19 S.W.3d 749, 752 (Mo.App.2000). Therefore this Court could treat each statement of a material fact in Respondent's motion as true. *See Chopin*, 969 S.W.2d at 250.

■ Appellants' brief contains an additional procedural defect. "Rule 84.04(c) requires that the statement of facts in an appellant's brief be 'a fair and concise statement of the facts relevant to the questions presented for determination without argument.'" *Perkel v. Stringfellow*, 19 S.W.3d 141, 146 (Mo.App.2000) (quoting Rule 84.04(c)). "This requirement serves to define the scope of the controversy and afford the appellate court an immediate, accurate, complete and unbiased understanding of the facts of the case." *Id.*

Since the trial court adjudicated this case on the basis of summary judgment, the facts underlying the trial court's decision were those established pursuant to Rule 74.04(c)(1) and (2). Consequently, in order for this Court to review the judgment, we must scrutinize the facts. Accordingly, Appellants' brief "should have set forth the material facts established by Rule 74.04(c)(1) and (2), together with the pages in the legal file where such facts were established." *Chopin*, 969 S.W.2d at 251.

Instead of setting forth an account of the facts that correspond to the factual statements in the consecutively numbered paragraphs of Respondent's second motion

for summary judgment, the statement of facts in Appellants' brief is simply a recitation of the procedural history, which has been found insufficient for purposes of appellate review. *Angle v. Grant*, 997 S.W:2d 133, 134 (Mo.App.1999); *Murray v. Missouri Real Estate Comm'n*, 858 S.W.2d 238, 239 (Mo.App.1993).

Here, we are unable to determine from the statement of facts in Appellants' brief which material facts were established by Respondent's second motion for summary judgment, nor can we determine which material facts, if any, pled by Respondent in its second motion for summary judgment were properly denied by Appellants' response. Because the Appellants' statement of facts violates Rule 84.04(c), this Court is justified in dismissing this appeal on this basis. *See Chopin*, 969 S.W.2d at 251; *Haynes Family Corp. v. Dean Props., Inc.*, 923 S.W.2d 465, 467 (1996).

However, this Court has taken the precaution of reviewing the judgment under Rule 84.13(c), which empowers an appellate court, in its discretion, to consider plain errors, though not raised or preserved, if manifest injustice or miscarriage of justice resulted therefrom. *See Chopin*, 969 S.W.2d at 251. After gratuitously examining the record, we find no plain error that would justify relief under that rule. *Id.*

Appeal dismissed.

SHRUM, P.J., and MONTGOMERY, J., concur.