JIMMY JONES EXCAVATION, INC., et al., Respondents,

v.

JDC STRUCTURAL CONCRETE, LLC, Appellant.

No. SD 32103.

Missouri Court of Appeals, Southern District, Division Two.

July 15, 2013.

---

Christopher J. Stark, Springfield, for Appellant.

Robert M. Pitkin and Ryan C. Westhoff, Levy Craig Law Firm, Kansas City, for Respondent.

DANIEL E. SCOTT, P.J.

This is one of several appeals following an extensive trial among mechanic's lien claimants, property owners, and lenders involved in the failed Indian Ridge Resort development in Stone County.[1] Appellant ("JDC") won a money judgment at trial, but lost its mechanic's lien claim on summary judgment when the trial court found "no genuine issues" about the untimeliness of JDC's lien statement.

JDC now urges that the timeliness issue was genuinely disputed below. We dismiss the appeal for violations of Rule 84.04(c) & (e).[2]

As we noted in *Chopin v. AAA of Missouri,* 969 S.W.2d 248, 251 (Mo.App.1998):

Inasmuch as the trial court adjudicated this case by summary judgment, the facts on which the trial court based its decision were those established pursuant to Rule 74.04(c)(1) and (2). It is thus evident that in order to review the judgment, we must scrutinize those facts. Consequently, the statement of facts in [JDC]'s brief should have set forth the material facts established by Rule 74.04(c)(1) and (2), together with the pages in the legal file where such facts are established.

This simply restates, for appeals from summary judgments specifically, what Rule 84.04(c) & (e) mandates for *every* appellant's statement of facts *and* argument—"*specific* page references to the *relevant* portion of the record on appeal, i.e., legal file, transcript, or exhibits." (Our emphasis.)

■ JDC has not done this. Its scant statement of facts and argument—totaling three pages combined—includes several citations, but lacks *specific* page references to *relevant* parts of the record (Rule 84.04), *i.e.,* "the material facts established by Rule 74.04(c)(1) and (2), together with the pages in the legal file where such facts are established." *Chopin,* 969 S.W.2d at 251.

For example, JDC cites no part of a 471–page "Statement of Uncontroverted Facts" jointly filed by some summary judgment movants, and just the front page of another movant's 50–page filing. Likewise, JDC merely cites the front pages of its summary judgment replies and responses (respectively 19, 21, 43, and 10 pages). These front pages of lengthier filings are not themselves relevant and do not point us to pages therein that may be relevant. In other instances, JDC omits necessary citations entirely. To compound these problems, the 980–page legal file, broken into 19 separate PDF files without individual indices, is not word-searchable.[3]

---

1. *See also Jimmy Jones Excavation, Inc. v. Lawrence Bank,* No. SD32105, 405 S.W.3d 569, 2013 WL 3353991 (Mo.App. S.D. July 3, 2013); *Jimmy Jones Excavation, Inc. v. Rapid Plumbing, LLC,* 403 S.W.3d 144 (Mo.App.S.D. 2013).

2. Missouri Court Rules (2013). These requirements, as relevant here, were found in Rule 84.04(i) prior to this year. Cases cited herein may refer to the old rule number.

3. We make the latter points, not to fault JDC for current strictures of electronic filing, but to show why we cannot reasonably overcome

JDC's brief thus does not indicate "which material facts were established by [the] motion[s] for summary judgment, nor can we determine which material facts, if any, pled by [such movants] were properly denied by [JDC's] response[s]." *Wichita Falls Prod. Credit Ass'n v. Dismang,* 78 S.W.3d 812, 816 (Mo.App.2002). "[T]his Court is justified in dismissing this appeal on this basis." *Id.*

 We find analogies in *Anderson v. Am. Family Mut. Ins. Co.,* 173 S.W.3d 356 (Mo.App.2005), where the appellant's brief cited not to specific pages, "but merely to whole sections ... which are up to 31 pages long." *Id.* at 359.

> We adhere to the rule that an appellate court will not supply the deficiencies of an inadequate brief by independent, additional research because to do so would be inherently unfair to the opposition and parties in other cases awaiting disposition on appeal. We will not seine the record to locate factual support for assertions by the appellant.

*Id.* (citations and quotation marks omitted). Also see *Woods v. Friendly Ford, Inc.,* 248 S.W.3d 699, 713 (Mo.App.2008), in which this court declined review for similar violations where the legal file exceeded 320 pages, one-third of the size of the legal file in this case.

 It is not an appellate court's role to serve as advocate for any litigant. *Wilson v. Carnahan,* 25 S.W.3d 664, 667 (Mo.App.2000). In particular, "we have no duty to search the transcript or record to discover the facts which substantiate a point on appeal. That is the duty of the parties, not the function of an appellate court." *Id.* (citations and internal quotation marks omitted). Specific relevant cites to the record are "mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if factual assertions in the brief are supported by the record." *Lueker v. Missouri Western State Univ.,* 241 S.W.3d 865, 868 (Mo.App.2008). "It is not the function of the appellate court to search the record to discover the facts that substantiate a point on appeal." *Boyd v. Boyd,* 134 S.W.3d 820, 824 (Mo.App.2004).

It is appropriate to dismiss this appeal and we do so.[4]

JEFFREY W. BATES and MARY W. SHEFFIELD, JJ., concur.

JDC's rule violations, and thus emphasize the importance of *specific* and *relevant* page citations as mandated by Rule 84.04(c) & (e).

4. Having reached similar conclusions in *Dismang,* 78 S.W.3d at 816, and *Chopin,* 969 S.W.2d at 251, this court reviewed for plain error prior to dismissal. We did so here as well, incident to our failed efforts to fairly accommodate JDC's rule violations, and are satisfied that dismissal works no manifest injustice or miscarriage of justice.