

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| REVERSE MORTGAGE SOLUTIONS, INC., | WD77940 |
| Respondent, | OPINION FILED: SEPTEMBER 15, 2015 |
| v. | |
| THE ESTATE OF THEODORE R. HUNTER, ET AL., | |
| Appellants. | |

### Appeal from the Circuit Court of Jackson County, Missouri
### The Honorable James Dale Youngs, Judge

### Before Division One
### Cynthia L. Martin, P.J., Joseph M. Ellis, and James Edward Welsh, JJ.

The Estate of Theodore R. Hunter appeals the circuit court's judgment granting summary judgment in favor of Reverse Mortgage Solutions, Inc., on Reverse Mortgage's claim for reformation of two deeds of trust and to quiet title on the mortgaged property. We affirm.

### Background

Theodore R. Hunter and Mildred L. Hunter owned residential property at 3710 Brooklyn, Kansas City, Missouri, jointly as husband and wife until Mildred's death in March 2005. In January 2007, twenty-two months after Mildred Hunter's death, Theodore Hunter applied for a reverse mortgage loan with Urban Financial Group, Inc. (Reverse Mortgage's predecessor in interest). The available principal limit approved for the loan was $51,998.01, to be secured by the property at 3710 Brooklyn ("the Property").

On January 26, 2007, Hunter executed and delivered to Urban Financial two adjustable rate notes ("the Notes") and a "Loan Agreement" under which a portion of the loan proceeds was tendered to Bank of America to pay off Hunter's mortgage, and the remaining proceeds were paid to Hunter. Also on January 26th, Hunter executed and delivered to Urban Financial two deeds of trust ("the Deeds of Trust") on the Brooklyn Property as consideration for the loan and to secure repayment of the Notes.

Theodore Hunter died intestate on March 24, 2011. In a letter dated August 6, 2012, Reverse Mortgage acknowledged receipt of a letter which evidently[1] indicated that Theodore Hunter had died and sought information about his reverse mortgage. In December 2012, Old Republic Title Insurance prepared a "Title Insurance Commitment" for Reverse Mortgage "in contemplation of foreclosure" on Hunter's Property. Old Republic discovered that the legal descriptions in the Deeds of Trust were incorrect, in that they included the description of a portion of a neighboring property.[2]

On March 5, 2013, Reverse Mortgage filed this lawsuit against the Estate of Theodore Hunter and his heirs (collectively, "the Estate"), seeking to reform the Deeds of Trust and to quiet title in the Property. The petition alleged, in Count I, that "[t]he Deeds of Trust, when recorded on January 29, 2007, by mutual mistake and through no fault of any of the parties herein, failed to contain the correct legal description of the property." Count II sought a judgment "declaring that [Reverse Mortgage] has a valid, first priority lien encumbering the

---

[1]The record on appeal does not include a copy of the earlier letter.

[2]We also note that a comparison of the legal description in the Deeds of Trust to the proper legal description for the Property at 3710 Brooklyn set forth in the trial court's judgment suggests that the Deeds of Trust also failed to include all of the Property.

2

entire Property" and a finding that any interest the Estate may have is "junior and inferior" to its interests.

Although Letters of Administration for the Estate were filed in the probate division of the circuit court in April 2013,[3] and notice of the Letters was published on four days in April and May 2013, Reverse Mortgage did not file a claim against the Estate in probate court.

The Estate timely filed its answer and a counter-petition asserting claims against Reverse Mortgage for "clouding title to the real estate," interfering with the Estate's quiet enjoyment of the Property, and causing it to incur legal fees. Reverse Mortgage filed a reply and response to the counter-petition, and later filed an amended petition. The Estate filed an answer to the amended petition, but did not include any counterclaims or incorporate any by reference. The answer included an affirmative defense which alleged that Reverse Mortgage's claim was "not ripe for adjudication" because it was "not filed . . . timely in the estate."

On March 3, 2014, counsel for the parties appeared before the circuit court for a case management conference. At that conference, counsel for the Estate indicated that the only issue that remained was whether Reverse Mortgage's claim was barred for failure to timely assert a claim in the probate action. The parties agreed that Reverse Mortgage would submit the case to the court in the form of a motion for summary judgment by May 5, 2014.[4]

Reverse Mortgage thereafter filed its motion for summary judgment. It stated that Reverse Mortgage was seeking to reform the Deeds of Trust and to quiet title, in order to

---

[3]The Commitment of Title Insurance indicates that an administration opening the Estate was filed on March 9, 2012. The record does not reveal, and our resolution of this appeal does not require us to determine, the reason for this inconsistency.

[4]The court's notation following the case management conference confirms this, stating: "Counsel indicate [that the] issue is whether [plaintiff] was req'd to first pursue claim in probate court. [Plaintiff] will file motion for S/J & case will be submitted."

3

foreclose on the Property, which "is security for a Reverse Mortgage loan that is now in default due to the borrower's/defendant's death." The motion continued:

> Reformation and quiet title are necessary because the Deeds of Trust at issue are inaccurate in that . . . they mistakenly reference part of the Neighbor's Property which was never intended to secure the Reverse Mortgage loan. . . . .
>
> [Reverse Mortgage] respectfully requests that summary judgment be entered for [it], and against all other parties, ruling that:
>
> > a. The Deeds of Trusts' legal descriptions describing the Property encumbered by them is reformed to state: [the corrected legal descriptions[5]];
> >
> > b. The Deeds of Trust, as reformed, shall relate back to the date and time the Deeds of Trust were originally recorded on January 29, 2007;
> >
> > c. Plaintiff has a valid, first priority lien encumbering the entire Property [and] that the interest of defendants herein in and to the Property, if any, . . . be adjudged to be junior and inferior to the interests of Plaintiff. . . .

Reverse Mortgage also filed suggestions in support of summary judgment along with other supporting documents, including a statement of uncontroverted facts. The Estate did not file a timely response to the summary judgment motion or to the statement of uncontroverted facts.

On August 11, 2014 -- over two months after the Estate's response was due -- the circuit court granted summary judgment. The court explained that, because the Estate did not respond to Reverse Mortgage's motion for summary judgment or its statement of uncontroverted facts, Reverse Mortgage's statements of fact were deemed to be admitted, pursuant to Rule 74.04(c)(2).

---

[5]The correct legal descriptions are:

TRACT I: THE SOUTH 16 2/3 FEET OF LOT 2 AND THE NORTH 16 2/3 FEET OF LOT 3, BLOCK 5, FINSBURY PARK, A SUBDIVISION IN KANSAS CITY, JACKSON COUNTY, MISSOURI ("TRACT I").

TRACT II: THE SOUTH 33 1/3 FEET OF LOT 3, BLOCK 5, FINSBURY PARK, A SUBDIVISION IN KANSAS CITY, JACKSON COUNTY, MISSOURI, ACCORDING TO THE RECORDED PLAT THEREOF ("TRACT II").

4

The circuit court found that the legal descriptions in the Deeds of Trust were incorrect and that "any reference to the Neighbor's Property in the Deeds of Trust is a mutual mistake." The court also found that the loan documents established Hunter's intent to encumber the Property because of their references to the Property's street address. The court thus concluded that Reverse Mortgage had established the prerequisites for reforming a deed: (1) a pre-existing agreement between the parties consistent with the change sought, (2) a scrivener's mistake made in drafting the deed, and (3) a mistake that was mutual between the grantors and grantees. *See Mo. Land Dev. I, LLC v. Raleigh Dev., LLC*, 407 S.W.3d 676, 687 (Mo. App. 2013). The court granted reformation of the Deeds of Trust to correct the legal descriptions and ordered that the Deeds, as reformed, "shall relate back" to January 29, 2007, when they were originally recorded. The court also granted Reverse Mortgage's request for "quiet title" relief, holding that:

> Plaintiff has a valid, first priority lien encumbering the entire Property, that the interest of defendants herein in and to the Property, if any, and any other person or entity claiming an interest by or through them, be adjudged to be junior and inferior to the interests of Plaintiff.

The next day, the Estate filed an untimely "Opposition to Motion for Summary Judgment" (without leave of the circuit court) and a "Motion for Leave to File Out of Time." It later filed a motion to set aside the Judgment, which the circuit court ultimately denied.

The Estate appeals the circuit court's grant of summary judgment.

**Standard of Review**

When considering an appeal from a summary judgment, we review the record in the light most favorable to the party against whom judgment was entered, and we afford that party the benefit of all reasonable inferences. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). Because the circuit court's judgment is based on

5

the record submitted and the law, we need not defer to the circuit court's order granting summary judgment. *Id*. Rather, because "[t]he propriety of summary judgment is purely an issue of law," we review the grant of a summary judgment *de novo. Id*. "The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially." *Id.* Thus, we will affirm the grant of a summary judgment where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id*. at 377, 380.

**Discussion**

In its first point on appeal, the Estate argues that the circuit court erred in granting summary judgment because the evidence and pleadings before the court demonstrated that there remained controverted issues of material fact (primarily, as to whether Hunter actually intended to encumber his Brooklyn Property with the Deeds of Trust).

Pursuant to Rule 74.04(c)(6), summary judgment is proper only if "the motion, the response, [and] the reply . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." As explained in *ITT*, "[f]acts set forth in affidavit or otherwise in support of a party's [summary judgment] motion are taken as true unless contradicted by the non-moving party's response." 854 S.W.2d at 376. Thus, once the movant has established a right to judgment as a matter of law, the non-movant must demonstrate that one or more of the material facts asserted by the movant as not in dispute "is, in fact, genuinely disputed." *Id*. at 381. To put a fact in "genuine dispute," the non-movant may not rely on a general denial, but, instead, must make "specific references to the discovery, exhibits or affidavits that demonstrate the specific facts showing that there is a genuine issue for

6

trial." *Pub. Sch. Ret. Sys. of Mo. v. Taveau*, 316 S.W.3d 338, 346 (Mo. App. 2010) (citing Rule 74.04(c)(2)).

Here, Reverse Mortgage's summary judgment motion was properly supported by attached documents, an affidavit, and a statement of uncontroverted facts, which stated, in relevant part:

> The Deeds of Trusts' reference to the Neighbor's Property is a material mistake . . . [and] the Title Insurer requires that the Deeds of Trust be reformed and that title to the Property be quieted to resolve the Deeds of Trust's mistaken reference to the Neighbor's Property.
> . . . .
> As stipulated by [the Estate's] counsel at [the] March 3, 2014 Case Management Conference, it is undisputed that . . . Theodore Hunter intended to encumber his property at 3710 Brooklyn . . . as security for the Reverse Mortgage Loan.

The Estate now contends that its counsel did not "stipulate" at the case management conference that Hunter intended to encumber his property as security for the reverse mortgage loan. This is somewhat irrelevant, because, even apart from the "stipulation," the circuit court found that the loan documents themselves established Hunter's intent to encumber the Property. Nevertheless, as the circuit court correctly noted, this and Reverse Mortgage's other statements of fact are deemed to be admitted under Rule 74.04(c)(2), because the Estate did not file a response to the summary judgment motion.[6]

Rule 74.04(c)(2) requires that, "[w]ithin 30 days after [the] motion for summary judgment is served," the non-moving party must serve a response, setting forth "each statement of fact in its original paragraph number and immediately thereunder admit or deny each of movant's factual statements." "A response that does not comply with this [requirement] with respect to any numbered paragraph in movant's statement is an admission of the truth of that

---

[6]The Estate cites *Taveau*, 316 S.W.3d at 346, in support of various arguments, including that the circuit court should have held a hearing to determine if Reverse Mortgage's statements of fact were truly uncontroverted. The Estate's reliance on *Taveau* is misplaced. Unlike here, there is no indication in *Taveau* that either party failed to respond to a summary judgment motion; rather, the parties there both filed summary judgment motions. *Id*. at 341.

7

numbered paragraph." Rule 74.04(c)(2). The Rule also permits the adverse party to "set forth additional material facts that remain in dispute" along with supporting documents. *Id*. The Estate failed to do any of these things or in any way respond to the motion. By failing to file a timely response, the Estate failed to establish or preserve any disputes of material fact. *See, e.g., In re Estate of Clifton*, 69 S.W.3d 500, 502 (Mo. App. 2001) ("failure to file a timely response fails to preserve any dispute of a material fact").

The Estate argues, nevertheless, that the denials and allegations set forth in its pleadings were sufficient to establish that a disputed issue of material fact existed so as to preclude the grant of summary judgment. That is not the law. As noted, in responding to a motion for summary judgment, the non-moving party "may not rest upon the mere allegations or denials of his pleading," but must use affidavits, depositions, answers to interrogatories, or admissions on file to demonstrate the existence of a genuine issue for trial. *ITT*, 854 S.W.2d at 381; Rule 74.04(c)(2). Thus, the Estate is precluded from relying on its pleadings to create disputed issues of material fact to avoid summary judgment, and its argument to the contrary is without merit. For these reasons, Point I is denied.[7]

In its second point, the Estate argues that the circuit court erred in granting summary judgment because it "lacked subject matter jurisdiction to grant the relief requested," in that, by failing to file its claim in the probate court, Reverse Mortgage's requested relief "was barred by Missouri statute and thus failed to state a claim that could be granted as a matter of law."

The gist of the Estate's argument is that Reverse Mortgage was required to file a claim in the probate court to protect its rights under the Deeds of Trust, that it did not do so within six

---

[7]The Estate's suggestion that the court erred in granting summary judgment without ruling on its counterclaims need not be addressed. All of the Estate's initial counterclaims (*set forth supra*) were necessarily resolved by the grant of summary judgment which reformed the Deeds and quieted title in the Property.

8

months of notification of Hunter's death as required by section 473.360, RSMo,[8] and that

Reverse Mortgage's claims are therefore barred as a matter of law.

Section 473.360.1 provides, in pertinent part:

> [A]ll claims against the estate of a deceased person . . . which are not filed in the probate division of the circuit court . . . within six months after the first published notice of letters . . . of administration, are forever barred. . . .

Commonly referred to as a nonclaim statute, section 473.360.1 has the legal effect of a statute of limitations. *See North v. Hawkinson*, 324 S.W.2d 733, 743 (Mo. 1959) (Storckman, P.J., concurring) (holding that nonclaim provisions have the legal effect of statutes of limitations). The running of a statute of limitations is an affirmative defense. *Doyle v. Crane*, 200 S.W.3d 581, 585 (Mo. App. 2006) (citation omitted). Affirmative defenses do not implicate a trial court's subject matter jurisdiction, but instead implicate a trial court's authority to entertain a claim or to award certain relief. *See McCracken v. Wal-Mart Stores E., LP*, 298 S.W.3d 473, 477-78 (Mo. banc 2009); *see also J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253-54 (Mo. banc 2009).

It is true that a plaintiff desiring a grant of summary judgment must establish a right to judgment as a matter of law, which includes the obligation to establish that there is no genuine dispute as to the existence of facts necessary to support a defendant's affirmative defense. *ITT*, 854 S.W.2d at 381, 383. This presumes, however, that an affirmative defense has been properly pled. Rule 55.08 requires a "pleading that sets forth an affirmative defense [to] contain a short and plain statement of the facts showing that the pleader is entitled to the defense. . . ." Bare legal assertions are insufficient to plead an affirmative defense. *ITT*, 854 S.W.2d at 383. "'A

---

[8]Statutory references are to the Revised Statutes of Missouri (RSMo) 2000, as updated by the 2013 Cumulative Supplement.

9

pleading that makes a conclusory statement and does not plead the specific facts required to support the affirmative defense fails to adequately raise the alleged affirmative defense, and the alleged affirmative defense fails as a matter of law.'" *Delacroix v. Doncasters, Inc.*, 407 S.W.3d 13, 38 (Mo. App. 2013) (quoting *Echols v. City of Riverside*, 332 S.W.3d 207, 211 (Mo. App. 2010)).

Here, the Estate's answer only generally asserted that Reverse Mortgage's reformation action was not timely filed. This bare conclusory statement did not "plead the specific facts required to support the affirmative defense" and thus fails as a matter of law. *See id.* Moreover, "Missouri courts also require the party asserting the statute of limitations to plead the specific statutory section relied upon." *Heintz v. Swimmer*, 922 S.W.2d 772, 774 (Mo. App. 1996) (citations omitted). Plainly, the Estate's answer failed to make any reference to section 473.360.1. Because the Estate failed to properly plead the affirmative defense of the bar of the nonclaim statute, the trial court did not err in granting summary judgment in favor of Reverse Mortgage, without regard to whether the reformation action was time barred.[9] *See, e.g., Ditto, Inc. v. Davids*, 457 S.W.3d 1, 14-17 (Mo. App. 2014) (addressing the propriety of grant or denial of summary judgment based on an affirmative defense that has not been properly pled in an answer).

Reverse Mortgage does argue that, in any case, section 473.360.3 describes an exception to the nonclaim statute applicable to its reformation action. Subsection .3 explains that:

---

[9]It is immaterial that at a case management conference, the parties appear to have generally discussed the fact that the only issue remaining in the case was whether Reverse Mortgage's claim was time barred. This discussion did not satisfy the requirements of Rule 55.08 and did not operate to amend the Estate's answer. *See, e.g., Chouteau Auto Mart, Inc. v. First Bank of Mo.*, 148 S.W.3d 17, 26 (Mo. App. 2004) (holding that raising of an affirmative defense in summary judgment pleadings fails to satisfy Rule 55.08 and does not operate to amend an earlier filed answer); *Jones v. Landmark Leasing, Ltd.*, 957 S.W.2d 369, 375-76 (Mo. App. 1997) (holding that reference to facts supporting an affirmative defense in summary judgment pleadings cannot cure the failure to properly plead an affirmative defense in an answer).

> *Nothing in this section affects or prevents any action or proceeding to enforce any mortgage, pledge or other lien upon property of the estate*; except that attachment, judgment, and execution liens shall be enforced as provided in this chapter and not otherwise.

§ 473.360.3 (emphasis added). Because we have otherwise concluded that the affirmative defense of the nonclaim statute was not properly pled as a matter of law, we need not determine whether a reformation action seeking to reform the legal description in a deed of trust constitutes an action to enforce a lien upon property of an estate. Point II is denied.

In sum, the circuit court did not err in granting summary judgment. We will affirm a grant of summary judgment where no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See ITT*, 854 S.W.2d at 380. Here, the Estate failed to establish that there were any genuine issues as to any material fact and failed to properly plead any affirmative defense that would prevent the entry of judgment in favor of Reverse Mortgage as a matter of law.[10]

### Conclusion

Based on the foregoing, we affirm the circuit court's judgment.

/s/ JAMES EDWARD WELSH
James Edward Welsh, Judge

All concur.

---

[10]We decline to consider any of the Estate's arguments that are not included in its Points Relied Upon. *Kline v. City of Kansas City*, 334 S.W.3d 632, 640 n.3 (Mo. App. 2011) (citing Rule 84.04(e)) (issues raised only in the argument portion of a brief and not in the point relied on "are deemed abandoned" and need not be considered).