Keith ALVIS, Plaintiff-Appellant,

v.

Stacy MORRIS and Gerald Morris, Defendants-Respondents.

No. SD 34609

Missouri Court of Appeals, Southern District, **Division One.**

Filed: May 30, 2017

JOHN A. COWHERD, Mt. Vernon, MO, for Appellant.

JOHN D. COONEY, St. Louis, MO, for Respondents.

DON E. BURRELL, J.

Keith Alvis ("Plaintiff") is attempting to appeal from the summary judgment en-

tered in favor of Stacy Morris and Gerald Morris ("Defendants"). Because Plaintiff's "STATEMENT OF FACTS" is not based on the parties' Rule 74.04 statements of undisputed material facts and responses thereto ("SUMF"), we have no choice but to dismiss Plaintiff's appeal.[1]

## Background

Plaintiff filed a three-count tort claim for money damages against Defendants and Plaintiff's employer, Buehler Farms, LLC ("Employer" [2]), for bodily injuries Plaintiff suffered while cutting down trees on Defendants' property. Defendants filed separate answers to the petition that denied any liability, and the parties engaged in the discovery process. Four months after filing their answers, Defendants filed a joint motion for summary judgment on the ground that "Plaintiff cannot make a submissible case against Defendants based upon either the inherently dangerous activity exception or joint and several liability due to a joint venture" (the theories of liability asserted against Defendants in Plaintiff's petition).

Defendants' motion included a "STATEMENT OF UNCONTROVERTED MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT" that consisted of 20 numbered paragraphs supported by references to Plaintiff's petition and deposition testimony. Plaintiff filed a response to those numbered statements that admitted 15 of the asserted material facts and denied the other five. One of those denials is deemed admitted by its failure to reference any supporting evidence. *See* Rule 74.04(c)(2). The others were either non-responsive to the claimed uncontroverted material fact or were based on inadmissible hearsay. Plaintiff also filed a separate "SUPPLE-MENTAL STATEMENT OF UNCONTROVERTED MATERIAL FACTS" that included six paragraphs of alleged additional material facts remaining in dispute (supported by references to depositions and a federal OSHA report) as permitted by Rule 74.04(c)(2), accompanied by a "MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT[.]"

In accordance with Rule 74.04(c)(3), Defendants responded with a reply to Plaintiff's alleged additional material facts remaining in dispute by admitting that a deponent had provided the testimony cited by Plaintiff, denying three other numbered paragraphs, and objecting to the admissibility of the OSHA report. They also filed a "REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT[.]"

On July 15, 2016, the trial court entered its "SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS MORRIS" on the following grounds:

> THE COURT FINDS as a threshold matter, that cutting trees on farm land does not involve some peculiar risk of harm abnormal to activities usual to rural communities, and therefore, as a matter of law, is not inherently dangerous. Thus that except [sic] to non-liability of land owners to employees of independent contractors does not apply.

> THE COURT FURTHER FINDS Defendants did not retain any input into the manner in which the tree cutting was performed. Therefore they did not have an equal right to control the operation and were not in a joint venture with [Employer]. Thus that exception to non-

---

1. All rule references are to Missouri Court Rules (2017).

2. Plaintiff dismissed his claims against Employer, with prejudice, in August 2016.

liability of land owners to employees of independent contractors does not apply.

This appeal timely followed the entry of the judgment.

## Analysis

The following are Plaintiff's two points relied on (adjusted from all-capitalization but otherwise quoted verbatim):

I. The trial court erred in granting [Defendants'] motion for summary judgment on the issue of inherently dangerous activity because the issue of whether [Plaintiff] was involved in an "inherently dangerous activity" at the time of his injury was a genuine issue of material fact in that [Plaintiff] was at the time of his injuries engaged in commercial logging and was cutting the tree at ground level and therefore there is sufficient evidence from which a trier of fact could reasonably find that [Plaintiff]'s activity at the time of his injuries was, in fact, an "inherently dangerous activity" as defined in MAI 16.08.

II. The trial court erred in granting [Defendants'] motion for summary judgment on the issue of joint venture because the issue of whether [Defendants] were involved in a joint venture with [Employer] was a genuine issue of material fact in that there is [sic] sufficient facts from which a trier of fact could reasonably find all the elements of a joint venture, including whether [Defendants] had an equal right to control the direction of the enterprise.

■ Neither point identifies the material facts alleged to be in dispute, but a more fundamental problem prevents us from an-alyzing Plaintiff's claims on whatever merit they might have. Rule 84.04(c) requires an appellant's brief to include "a fair and concise statement of *the facts relevant to the questions presented for determination* without argument." (Emphasis added).

Where a "defending party" will not bear the burden of persuasion at trial, that party need not controvert *each* element of the non-movant's claim in order to establish a right to summary judgment. Rather, a "defending party" may establish a right to judgment by showing (1) facts that negate *any one* of the claimant's elements facts, (2) **that the non-movant, after an adequate period of discovery,** [3] **has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements,** or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense. Regardless of which of these three means is employed by the "defending party," each establishes a right to judgment as a matter of law. Where the facts underlying this right to judgment are beyond dispute, summary judgment is proper.

***ITT Comm. Fin. Corp. v. Mid-Am. Marine Supp. Corp.***, 854 S.W.2d 371, 381 (Mo. banc 1993) (bolding added to highlight the method employed by Defendants in this case).

■ Plaintiff's allegation that the trial court erred in granting summary judgment in favor of Defendants—the "defending party"—required Plaintiff to identify facts from the SUMF supporting each element of the theories of liability he claims is not subject to summary judgment. "Facts come into a summary judgment record

---

3. Plaintiff has not asserted that the discovery period was inadequate.

*only* via Rule 74.04(c)'s numbered-paragraphs-and-responses framework." ***Jones v. Union Pac. R.R. Co.***, 508 S.W.3d 159, 161 (Mo. App. S.D. 2016). Thus, when reviewing a summary judgment, we may only review the undisputed material facts established by the process set forth in Rule 74.04(c); we do *not* review the entire trial court record. ***Id.***; ***Lackey v. Iberia R-V Sch. Dist.***, 487 S.W.3d 57, 60 & n.3 (Mo. App. S.D. 2016). As a result, Plaintiff's statement of facts should have set forth the relevant SUMF facts and only those facts. ***Chopin v. Am. Auto. Ass'n of Mo.***, 969 S.W.2d 248, 251 (Mo. App. S.D. 1998).

■ In contravention of this mandatory procedure, Plaintiff "sets forth an account of the facts that does not correspond to the factual statements in the consecutively numbered paragraphs [required by Rule 74.04(c)]."[4] ***Id.*** As a result, we cannot determine from Plaintiff's statement of facts what material Rule 74.04(c)-established facts are "relevant to the questions presented for determination" as it does not indicate which SUMF facts supported the elements of at least one of his theories of liability. *See ITT*, 854 S.W.2d at 381.[5]

Why does this matter? Because the right to summary judgment boils down to *certain* facts, established per Rule 74.04(c), that legally guarantee one party's victory *regardless of other facts or factual disputes. See ITT*[,] 854 S.W.2d [at] 378[.]

A year after *ITT*, our supreme court implemented Rule 74.04(c)'s now-familiar format of numbered paragraphs and responses "to assist the judge in ruling on summary judgment motions by requiring such motions to conform to a specific form that will reveal the areas of dispute." 16 Missouri Practice, *Civil Rules Practice* § 74.04:2 (2016 ed.); *see also Osage Water Co. v. City of Osage Beach*, 58 S.W.3d 35, 44 (Mo. App. 2001) (attributing rule change to supreme court's desire to clearly advise opposing parties and courts of claimed basis for summary judgment).

***Pemiscot Cty. Port Auth. v. Rail Switching Servs., Inc.***, SD34570, —— S.W.3d ——, ——, 2017 WL 1885292, *2 (Mo. App. S.D. May 9, 2017).

Plaintiff's failure to properly present relevant *SUMF facts* in his statement of facts is fatal to his appeal because we "cannot sift through a voluminous record, separating fact from conclusion, admissions from disputes, the material from the immaterial, in an attempt to determine the basis for the motion without impermissibly acting as advocates." ***Lackey***, 487 S.W.3d at 62 (internal quotation omitted); *see also **Jimmy Jones Excavation, Inc. v. JDC Structural Concrete, LLC***, 404 S.W.3d 922, 923-24 (Mo. App. S.D. 2013) (discussing dismissal of an appeal as appropriate where the appellant failed to properly cite both the relevant material facts and the properly disputed facts from the Rule 74.04 record).

The appeal is dismissed.

---

4. Only two facts set forth in Plaintiff's Statement of Facts cite the SUMF, and each is to a statement of uncontroverted material fact submitted by Defendants and *admitted* by Plaintiff.

5. The argument portion of Plaintiff's brief is devoid of any references to the SUMF. The argument following Point I is actually a legal argument that an "inherently dangerous act" is "generally a question of fact for the jury." The argument following Point II is that cer-

tain "facts" favorable to Plaintiff's position "create a genuine issue of material fact" as to whether Employer and Defendants were engaged in a joint venture at the time Plaintiff was cutting down Defendants' trees. In making this latter claim, Plaintiff refers only to the OSHA study and to portions of depositions attached as supporting materials for the parties' SUMF submissions, not to any SUMF facts that might support his argument.

JEFFREY W. BATES, P.J.—
CONCURS

MARY W. SHEFFIELD, C.J.—
CONCURS