

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| MARK FLEDDERMANN, | ) | No. ED106905 |
| | ) | |
| Plaintiff/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | |
| | ) | |
| CASINO ONE CORPORATION, | ) | Honorable Robert H. Dierker, Jr. |
| d/b/a LUMIERE PLACE HOTEL AND | ) | |
| CASINO and CAESARS INTERACTIVE | ) | |
| ENTERTAINMENT, INC., d/b/a WORLD | ) | |
| SERIES OF POKER, | ) | |
| | ) | |
| Defendants/Respondents. | ) | Filed: May 7, 2019 |

### Introduction

Mark Fleddermann (Appellant) appeals the trial court's Order and Partial Judgment granting summary judgment on Counts III and IV of his amended petition in favor of Casino One Corporation d/b/a Lumiere Place Hotel and Casino and Caesars Interactive Entertainment d/b/a World Series of Poker (collectively Respondents) on his claims under the Missouri Merchandising Practices Act (MMPA). Because Appellant's brief is procedurally deficient, we grant Respondents' motion to strike Appellant's brief and dismiss the appeal on the basis of Appellant's failure to comply with Rule 84.04.[1]

---

[1] All Rule references are to Mo. R. Civ. P. 2018 unless otherwise indicated.

## Factual and Procedural Background

Appellant participated in a poker tournament at Lumiere Place Hotel and Casino sponsored by the World Series of Poker. Appellant alleges to have entered a contractual relationship with another individual prior to the tournament, where that individual was to ultimately receive 100% of Appellant's winnings. Appellant placed second in the tournament, entitling him to approximately $7,000 in winnings. Appellant approached the counter to collect his winnings and provided the cashier with IRS Form 5754, which authorizes a casino to allocate the appropriate winnings to multiple individuals listed on the form. The cashier refused to accept the Form 5754 and did not give Appellant his winnings. Appellant later demanded payment through counsel and was informed the tournament conditioned the payout on the nonuse of a Form 5754.

Appellant filed a breach of contract claim and an MMPA claim against each of the Respondents alleging violations of the MMPA for conditioning the payout of the poker tournament on a form contrary to IRS regulations and law.

Respondents filed motions for summary judgment, attaching both a Statement of Uncontroverted Facts, consisting of separately numbered paragraphs supported by references to exhibits for each material fact to which Respondents claimed there was no genuine issue, and a Memorandum of Law, claiming "the total lack of existence of unfair practices … renders Plaintiff without the necessary elements to succeed" on his MMPA claims.

Appellant filed responses to both Respondents' motions for summary judgment. The responses set forth each statement of fact in its original paragraph number and thereunder attempted to either admit or deny each factual statement. Appellant admitted

2

less than half of the asserted material facts. The other responses given by Appellant were nonresponsive, stating additional facts beyond those in the paragraph and denying facts not included in the paragraphs. Appellant did not file his own separate Statement of Uncontroverted Material Facts, but rather included several paragraphs in his memorandum in support of his motion under a heading labeled "Uncontroverted Facts." These facts were not laid out in numbered paragraph form, as required by Rule 74.04. Appellant makes no mention of unfair practices, or of the MMPA, in his response.

The trial court entered its Order and Partial Judgment after taking the Respondents' motions for summary judgment under advisement. The court granted summary judgment for Respondents on the MMPA claims because conditioning the payout on the nonuse of a Form 5754 did not rise to the level of an unfair practice. The court denied summary judgment on the breach of contract claims.

A trial was held on the remaining breach of contract claims. The trial court issued judgment in Appellant's favor on the breach of contract claims and required Respondents to issue Appellant's payout using the Form 5754. This timely appeal followed the entry of the judgment.

Points Relied On

In Point I, Appellant claims the trial court erred in granting the motions for summary judgment on issues which were neither raised nor argued in Respondents' motions, but rather were raised and addressed *sua sponte* by the trial court, without providing Appellant with an opportunity to respond in that Rule 74.04(c) provides the procedure for the parties to follow and requires the trial court to issue its ruling on such issues raised by the parties.

3

In Point II, Appellant alleges that even if the trial court were authorized to enter its summary judgment dismissal on theories not raised in the motions for summary judgment, the trial court erred in finding that Respondents' actions do not "rise to the level of offensive, unethical, oppressive or unscrupulous conduct that constitutes an unfair practice," in that such findings are findings of fact more properly reserved for the jury.

Discussion

Respondents filed a motion to strike Appellant's brief for failure to comply with the requirements of Rule 84.04 and requested the appeal be dismissed. Specifically, Respondents claim Appellant's brief fails to comply with Rule 84.04(c). We agree.

"The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." In re Marriage of Shumpert, 144 S.W.3d 317, 320 (Mo. App. E.D. 2004).

The only ruling at issue in this appeal is the trial court's ruling on Respondents' motions for summary judgment. When a trial court adjudicates a "case on the basis of summary judgment, the facts underlying the trial court's decision were those established pursuant to Rule 74.04(c)(1) and (2)." Wichita Falls Prod. Credit Ass'n v. Dismang, 78 S.W.3d 812, 815 (Mo. App. S.D. 2002). Therefore, in order for this Court to review summary judgment, we must scrutinize the facts that were established pursuant to Rule 74.04. Id.

"Rule 74.04(b) allows a defending party to file a motion for summary judgment." Cross v. Drury Inns, Inc., 32 S.W.3d 632, 635 (Mo. App. E.D. 2000). A defendant, as the movant, can establish a prima facie case for summary judgment by showing facts that negate any element of a claimant's cause of action. Chochorowski v. Home Depot U.S.A., 404 S.W.3d 220, 225 (Mo. banc 2013).

"Facts come into a summary judgment record only via Rule 74.04(c)'s numbered-paragraphs-and-responses framework." Jones v. Union Pac. R.R. Co., 508 S.W.3d 159, 161 (Mo. App. S.D. 2016). The defendant/movant "shall state with particularity in separately numbered paragraphs each material fact as to which the movant claims there is no genuine issue, with specific references to the pleadings, discovery or affidavits that demonstrate the lack of a genuine issue as to such facts." Rule 74.04(c)(1). "Once the moving party has made this prima facie showing, the burden shifts to the non-movant, who 'may not rest upon the mere allegations or denials of his pleading,' but whose response, 'by affidavits or as otherwise provided in Rule 74.04, *shall set forth specific facts* showing that there is a genuine issue for trial.'" Cross, 32 S.W.3d at 635, quoting ITT Comm. Fin. Corp. v. Mid-America Marine Supply, Inc., 854 S.W.2d 371, 381 (Mo. banc 1993) (emphasis in original).

"Thus, when reviewing a summary judgment, we may only review the undisputed material facts established by the process set forth in Rule 74.04(c); we do *not* review the entire trial court record." Alvis v. Morris, 520 S.W.3d 509, 512 (Mo. App. S.D. 2017) (emphasis in original). "A statement of facts that does not identify: (1) the material facts established by a party's motion for summary judgment and the party opposing the motion for summary judgment's response, or (2) the material facts, if any, pled in the motion for

5

summary judgment properly denied by the opposing party's response, violates Rule 84.04(c)." Exec. Bd. Of Mo. Baptist Conv. v. Windermere Baptist Conf. Ctr., Inc., 430 S.W.3d 274, 284 (Mo. App. S.D. 2014).

Appellant's brief fails to set forth the material facts established by Rule 74.04(c)(1) and (2). Appellant's statement of facts does not identify (1) the material facts established by Respondents' motions for summary judgment and Appellant's responses to the motions for summary judgment, or (2) the material facts pleaded in Respondents' motions for summary judgment denied by Appellant's responses.

"Instead of setting forth an account of the facts that correspond to the factual statements in the consecutively numbered paragraphs of Respondent's [] motion for summary judgment, the statement of facts in Appellants' brief is simply a recitation of the procedural history, which has been found insufficient for purposes of appellate review." Wichita Falls, 78 S.W.3d at 815–16; see also Washington v. Blackburn, 286 S.W.3d 818, 820 (Mo. App. E.D. 2009) ("Failure to include, in the statement of facts, the facts upon which an appellant's claim of error is based fails to preserve the contention for appellate review … [and] constitutes grounds for dismissal of an appeal.").

As a result, we cannot determine from Appellant's statement of facts what material facts established by Rule 74.04(c) are in dispute and therefore against summary judgment. Respondents address this in their brief and in a motion to dismiss Appellant's appeal. Appellant's reply states because this case involves the issue of whether the court can *sua sponte* raise facts outside of the summary judgment pleadings, he does not need to present the relevant uncontroverted facts.

6

However, appellate review of the grant of summary judgment is *de novo*. ITT Comm. Fin., 854W.2d 371, 376 (Mo. banc 1993). Whether to grant summary judgment is purely an issue of law. Ashford Condo., Inc. v. Horner & Shifrin, Inc., 328 S.W.3d 714, 717 (Mo. App. E.D. 2010). We will affirm the trial court's judgment if it is sustainable on any theory. Citibrook II, L.L.C. v. Morgan's Foods of Missouri, Inc., 239 S.W.3d 631, 634 (Mo. App. E.D. 2007).

Because summary judgment may be affirmed if sustainable on any basis, to review whether it was error to grant summary judgment requires us to review the material facts, disputed or uncontroverted, established by the process set forth in Rule 74.04. See Pemiscot County Port Auth. v. Rail Switching Services, Inc., 523 S.W.3d 530, 534 (Mo. App. S.D. 2017) ("To focus only on *disputed* facts presents an incomplete picture. We must determine whether *uncontroverted* facts established via Rule 74.04(c) paragraphs and responses demonstrate Port Authority's right to judgment *regardless of other facts or factual disputes*." (emphasis in original)).

Appellant's failure to properly present the relevant uncontroverted material facts in his statement of facts "is fatal to his appeal because we 'cannot sift through a voluminous record, separating fact from conclusion, admissions from disputes, the material from the immaterial, in an attempt to determine the basis for the motion without impermissibly acting as advocates.'" Alvis, 520 S.W.3d at 512, quoting Lackey v. Iberia R-V Sch. Dist., 487 S.W.3d 57, 62 (Mo. App. S.D. 2016).

<u>Conclusion</u>

The appeal is dismissed.[2]

_Sherri B. Sullivan_
SHERRI B. SULLIVAN, P.J.

Kurt S. Odenwald, J., and
James M. Dowd, J., concur.

---

[2]Appellant's Motion for Attorney's Fees on Appeal is denied; Appellant's Motion for Sanctions is denied; Respondent's Motion for Attorney's Fees is denied.