

# In the Missouri Court of Appeals
# Eastern District

### SOUTHERN DIVISION

| | | |
|---|---|---|
| TOP PRIORITY TRANSIT, LLC, | ) | No. ED111307 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | Cape Girardeau County |
| vs. | ) | |
| | ) | Honorable Scott A. Lipke |
| CAPE AUTO POOL, INC., | ) | |
| | ) | |
| Respondent. | ) | Filed: November 21, 2023 |

### Introduction

Top Priority Transit, LLC ("Buyer") appeals the circuit court's entry of summary judgment for Cape Auto Pool, Inc. d/b/a Cape Auto Sales ("Dealer") against Buyer on Buyer's three-count petition for fraud, breach of warranty of title, and breach of contract regarding its purchase of a 2016 Dodge Caravan ("van") and receiving a prior salvage motor title. Buyer raises six points on appeal. In Point I, Buyer argues the circuit court erred in sustaining summary judgment in Dealer's favor on Buyer's fraud claim because the circuit court improperly relied on a deposition excerpt not identified as an undisputed fact under Rule 74.04(c)(1).[1] In Point II, Buyer contends the circuit court erred in sustaining summary judgment in Dealer's favor on Buyer's fraud claim because the deposition excerpt, if entered properly, did not establish Buyer had knowledge the van was totaled in a prior collision and would be subject to a salvage title. In Point III, Buyer avers the circuit

---

[1] All Rule references are to the Missouri Supreme Court Rules (2020), unless otherwise indicated.

court erred in sustaining summary judgment in Dealer's favor on Buyer's fraud claim due to estoppel because Dealer did not plead or prove facts to support an estoppel defense and facts about the van's collision history were admissible through the summary judgment record. In Point IV, Buyer alleges the circuit court erred in sustaining summary judgment in Dealer's favor on Buyer's breach of warranty of title claim as a matter of law because section 400.2-312(1) controls and codifies the law that buyers receive the title to which they, in good faith, expect to acquire by their purchases.[2] In Point V, Buyer argues the circuit court erred in sustaining summary judgment in Dealer's favor on Buyer's breach of warranty of title claim as a matter of law because the warranty disclaimers in the sales documents did not disclaim the implied warranty Dealer would provide a "good and valid" title. In Point VI, Buyer argues the circuit court erred in sustaining summary judgment in Dealer's favor on Buyer's breach of contract claim because Buyer used the salvage title under protest, which did not constitute a waiver or preclude Buyer from pursuing its claim against Dealer.

This Court holds because the circuit court erred in sustaining summary judgment in Dealer's favor on Buyer's fraud claim by improperly relying on a deposition excerpt not identified as an undisputed fact under Rule 74.04(c)(1) and disregarding genuine issues of material fact regarding elements of Buyer's claim, Points I and II are granted. This Court denies Point III because the circuit court ultimately reached the proper result regarding the admissibility of the van's collision history. This Court denies Points IV and V because Dealer provided Buyer with "good title" as defined by section 400.2-312, rendering Buyer's challenge to Dealer's warranty disclaimers in Point V immaterial. Finally, this Court denies Point VI because the circuit court properly entered summary judgment in Dealer's favor on Buyer's breach of contract claim because

---

[2] All statutory references are to RSMo (2016), unless otherwise indicated.

Dealer performed all essential elements of the contract, including providing "good title" to the van which Buyer utilized so the van could be used in its course of business. The circuit court's judgment is affirmed in part, reversed in part, and the case is remanded for further proceedings consistent with this opinion.

**Factual and Procedural History**

Dealer is a car dealership in Cape Girardeau, Missouri. T.A. ("Owner") is Dealer's sole owner, and T.A.'s son, M.A. ("Salesman"), was a salesman at the car dealership in 2019. Buyer is a Missouri limited liability company providing transportation services reimbursable by the State of Missouri. D.F. is Buyer's manager ("Manager"), with P.F. and Y.F. serving as members.

In mid-October 2019, Salesman and Manager met to discuss Buyer purchasing the van. Salesman provided Manager with the van's Carfax report. Manager took the Carfax report to Buyer's bank to secure financing to purchase the van. Salesman prepared the title application and odometer form, which Manager signed on Buyer's behalf. On October 31, 2019, Manager returned to Dealer with a cashier's check for $21,000 to purchase the van. Manager tendered the check and signed the sales contract, which contained language expressly disclaiming "all warranties, either express or implied, including any implied warranty of merchantability or fitness for a particular purpose and neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of said products." The sales contract also stated Buyer understood and agreed the van was being "sold 'AS IS' and 'WITH ALL FAULTS.'" Manager also signed a "buyers guide," the terms of which were incorporated into the sales contract. The buyers guide contained a checked box with the words, "AS IS – NO WARRANTY" in large print. Buyer took possession of the van.

In December 2019, Manager and Y.F., acting *pro se*, filed a small claims action against Dealer and Salesman, which was dismissed without prejudice on February 4, 2020. That same day, Salesman gave Manager the certificate of title for the van, which indicated the van was designated a "prior salvage motor vehicle." Manager and Salesman signed the assignment of title. Manager took the salvage title to the department of motor vehicles to obtain a new title issued in Buyer's name. Buyer procured insurance for the van. Buyer used the van in its business and earned a profit from its use by receiving reimbursements from the State of Missouri for its services.

In June 2020, Buyer sued Dealer in the circuit court on three counts. In Count I, Buyer alleged Dealer committed fraud when it represented it would provide "good title" to the van when it prepared and executed the application for title, signed the odometer form, and accepted Buyer's cashier's check. Buyer alleged it reasonably relied on Dealer's representation it would provide "good title" to the van and reasonably acted in the absence of the knowledge Dealer could provide only a salvage title. Buyer contended Dealer intentionally concealed the fact it could provide only a salvage title at the time of sale, and Buyer was entitled to compensatory and punitive damages. In Count II, Buyer alleged Dealer breached the warranty of title when Dealer impliedly warranted that it could provide a "good and valid title" to the van, concealing it could provide only a salvage title, and by selling Buyer the van and providing a salvage title. In Count III, Buyer alleged Dealer breached the sales contract by failing to provide a good and valid title for the van and providing only a salvage title. Buyer attached several exhibits to its petition, including the sales contract, the title application, the odometer form, and the certificate of title. In Dealer's answer, it asserted it knew and informed Buyer the van would be subject to a prior salvage motor vehicle title. Dealer further asserted Buyer accepted and endorsed the certificate of title with the prior salvage motor vehicle designation, took possession of the van, and operated the van to its benefit. Dealer claimed

4

Buyer waived its breach of contract claim and was estopped from questioning the existence, validity, and effect of the sales contract.

Dealer moved for summary judgment, arguing there were no disputed issues of material fact regarding Buyer's claims. Dealer filed a statement of uncontroverted facts and attached deposition excerpts from Owner, Salesman, and Manager. Dealer also attached the sales contract, the buyers guide, and a page from the van's Carfax report listing activity from September 2019 through September 2020, with an entry dated October 2, 2019, stating a salvage title was issued for the van.

In Buyer's response to Dealer's statement of uncontroverted facts, Buyer denied the Carfax report attached to Dealer's statement of uncontroverted facts was the same Carfax report Manager received before purchasing the van because it included events occurring almost a year after the van's purchase. Buyer averred Manager received a different Carfax report which did not refer to a prior collision or salvage title. Buyer further disputed whether the salvage title was the title Buyer was entitled to receive and denied the sales contract and buyers guide warranties disclaimed warranty to "good title." Buyer provided additional facts precluding summary judgment regarding the van's collision history before Dealer came to possess it.

Dealer filed a reply to Buyer's memorandum opposing its summary judgment motion. Dealer did not reply to Buyer's additional statements of fact regarding the van's prior collision history. Instead, Dealer incorporated excerpts from P.F.'s deposition into its reply. These excerpts purportedly proved P.F. observed the van "in a wrecked condition," knew it had been in a prior collision, but was willing to buy the van because he was otherwise satisfied with its condition. Dealer did not attach this deposition excerpt as an exhibit or refer to P.F.'s deposition in any of its numbered paragraphs in its statement of uncontroverted facts.

The circuit court entered summary judgment in Dealer's favor on all counts. As to Count I, the circuit court relied on P.F.'s deposition excerpt to negate the right to rely element of Buyer's fraud claim and found Buyer was estopped from supplementing its petition regarding the van's collision history because it was not raised in its original petition. As to Count II, the circuit court found Dealer conveyed "good title" and the sales documents' warranty disclaimers disclaimed all warranties so Dealer did not breach the warranty of title. As to Count III, the circuit court found Buyer did not allege Dealer breached the contract independent from its breach of warranty of title claim, Buyer accepted the benefit of the bargain, and Buyer was estopped from questioning the existence, validity, and effect of the contract. Buyer appeals.

**Standard of Review**

"The standard of review on appeal regarding summary judgment is essentially *de novo.*" *Kroner Invs., LLC v. Dann*, 583 S.W.3d 126, 128 (Mo. App. E.D. 2019) (citing *Foster v. St. Louis Cnty.*, 239 S.W.3d 599, 601 (Mo. banc 2007)). On appeal, summary judgment will be upheld if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. *Id.* "Because the role of this Court is to determine whether or not the [circuit] court reached a proper result, we will uphold an order granting summary judgment if it is sustainable on any theory." *Pecos I, LLC v. Meyer*, 655 S.W.3d 579, 585 (Mo. App. E.D. 2022) (quoting *Wiley v. Daly*, 472 S.W.3d 257, 261 (Mo. App. E.D. 2015)).

This Court reviews the record "in the light most favorable to the party against whom summary judgment was entered, and that party is entitled to the benefit of all reasonable inferences from the record." *Green v. Fotoohighiam*, 606 S.W.3d 113, 116 (Mo. banc 2020) (quoting *Goerlitz v. City of Maryville*, 333 S.W.3d 450, 453 (Mo. banc 2011) (abrogated on other grounds by *Glendale Shooting Club, Inc. v. Landolt*, 661 S.W.3d 778, 785 (Mo. banc 2023)). "[F]acts

contained in affidavits or otherwise in support of the party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion." *Id.* Only genuine disputes of material facts preclude summary judgment. *Id.* at 115. "A material fact in the context of summary judgment is one from which the right to judgment flows." *Id.*

"Facts come into a summary judgment record only via Rule 74.04(c)'s numbered-paragraphs-and-responses framework." *O'Donnell v. PNK (River City), LLC*, 619 S.W.3d 162, 166 (Mo. App. E.D. 2021) (quoting *Jones v. Union Pac. R.R. Co.*, 508 S.W.3d 159, 161 (Mo. App. S.D. 2016)). "If the court were to look beyond the facts pled on the Rule 74.04 record to the [circuit] court's full record it would be impermissibly acting as an advocate for a party." *Id.* "Thus, when reviewing a summary judgment, we may only review the undisputed material facts established by the process set forth in Rule 74.04(c); we do not review the entire [circuit] court record." *Id.* (quoting *Alvis v. Morris*, 520 S.W.3d 509, 512 (Mo. App. S.D. 2017)).

## Discussion

*Point I: Deposition Excerpt Outside of the Rule 74.04(c) Record*
*Party Positions*

In Point I, Buyer argues the circuit court erred in sustaining summary judgment in Dealer's favor on Buyer's fraud claim because the circuit court improperly relied on P.F.'s deposition excerpt. Buyer contends the facts incorporated from P.F.'s deposition excerpt into Dealer's reply were not identified as undisputed facts under Rule 74.04(c)(1) in Dealer's summary judgment motion or in its reply. Buyer further argues P.F.'s deposition excerpt was not attached as an exhibit supporting Dealer's reply. Dealer does not address Buyer's Rule 74.04(c)(1) violation argument. Instead, Dealer argues P.F.'s deposition excerpt was used to "bolster the uncontroverted fact [Buyer], through [Manager], received a [Carfax report]" indicating the van was subject to a salvage

7

title before purchasing the van which negated Buyer's right to rely on any alleged misrepresentations Dealer made regarding the van's title.

*Analysis*

Rule 74.04(c)(1) requires the moving party seeking summary judgment to provide a statement of uncontroverted facts, which "shall state with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts." Dealer's statement of uncontroverted facts refers to P.F. in only one numbered paragraph stating P.F. was a member of Buyer's limited liability company. Dealer did not cite P.F.'s deposition excerpt in its initial statement of uncontroverted facts. Buyer filed a response asserting additional material facts it alleged remained in dispute and included facts about the van's collision history. Dealer then filed a reply.

Rule 74.04(c)(3) governs the movant's reply in support of summary judgment when the non-moving party files a response. "[I]f the adverse party's response sets forth additional material facts that remain in dispute, movant shall set forth each additional statement of fact in its original paragraph number and immediately thereunder admit or deny each such factual statement." Rule 74.04(c)(3) also permits the movant to "file a statement of additional material facts as to which movant claims there is no genuine issue" . . . "in the manner prescribed by Rule 74.04(c)(1)." "Attached to the supplemental statement shall be a copy of any additional discovery, exhibits or affidavits on which the supplemental statement relies." *Id*. Dealer did not file a statement of additional facts in the numbered-paragraph format required by Rule 74.04(c)(1) to set forth the facts from P.F.'s deposition testimony nor did Dealer provide P.F.'s actual deposition excerpt with its reply. Dealer also did not respond to Buyer's statement of additional

facts regarding the van's collision history. Instead, Dealer incorporated quotes from P.F.'s deposition into its reply memorandum, which the circuit court quoted and relied on to support issuing summary judgment in Dealer's favor on Buyer's fraud claim.

"[P]arties cannot cite or rely on facts outside the Rule 74.04(c) record." *Green*, 606 S.W.3d at 117 (quoting *Jones*, 508 S.W.3d at 161) (emphasis in original omitted)). Because Dealer did not include P.F.'s deposition testimony in the Rule 74.04(c) record, it could not be cited or relied upon for any purpose.[3] *Id*. Dealer provides no legal authority to support its argument a circuit court may rely on a fact outside of the Rule 74.04(c) record to "bolster" additional facts the non-moving party has disputed. "[S]ummary judgment rarely if ever lies, or can withstand appeal, unless it flows as a matter of law from appropriate Rule 74.04(c) numbered paragraphs and responses *alone*." *Green*, 606 S.W.3d at 117–18 (quoting *Jones*, 508 S.W.3d at 161) (emphasis in original)). The circuit court erred in citing and relying on P.F.'s deposition testimony to enter summary judgment in Dealer's favor on Buyer's fraud claim because P.F.'s testimony was outside of the Rule 74.04(c) record. *Green*, 606 S.W.3d at 117. Point I is granted.

*Points II and III: Fraud and Estoppel*
*Party Positions*

This Court will address Points II and III together as they both challenge the circuit court's entry of summary judgment in Dealer's favor on Buyer's fraud claim and whether genuine issues of material fact exist. In Point II, Buyer contends the circuit court erred in sustaining summary judgment in Dealer's favor on Buyer's fraud claim because, if P.F.'s deposition excerpt was properly before the circuit court, it did not establish Buyer's knowledge the van was totaled in a prior collision and was subject to a salvage title, hence negating an element of its fraud claim. In response, Dealer merely states, "[Buyer's] failure to create a question of fact regarding its right to

---

[3] Dealer conceded during oral argument P.F.'s deposition excerpt was not included in the summary judgment record.

9

rely on an alleged concealment, [is] sufficient" to affirm the circuit court's judgment. Dealer refers this Court to its response to Buyer's first point regarding Manager receiving a Carfax report before purchasing the van which Dealer argues put Buyer on notice of the van's collision history and title status.

*Point II Analysis*

Buyer's fraud claim asserts Dealer represented it would provide "good title" to the van and intentionally concealed it could provide only a salvage title. To prevail on a fraudulent misrepresentation claim, Buyer must prove nine elements:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury.

*Pecos I*, 655 S.W.3d at 593 (quoting *Stevens v. Markirk Constr., Inc.*, 454 S.W.3d 875, 880 (Mo. banc 2015)). To the extent Buyer is asserting a fraudulent nondisclosure claim due to Dealer's alleged intentional concealment it could provide only a salvage title, this is not a separate tort. *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 765 (Mo. banc 2007). "Instead, the party's silence in the face of a legal duty to speak replaces the first element: the existence of a representation." *Id*. "A failure to establish any one of the essential elements of fraud is fatal to recovery." *Emerick v. Mut. Ben. Life Ins. Co.*, 756 S.W.2d 513, 519 (Mo. banc 1988).

Dealer asserted summary judgment was appropriate because Buyer failed to demonstrate every element necessary to prove fraud. Specifically, Dealer alleged it provided Manager with a Carfax report after the van received its salvage designation but before Manager purchased the van. Dealer argues by providing the Carfax report with this information, it negated whether Dealer made any misrepresentation, it precluded Buyer from claiming ignorance of the truth of the van's

10

title history, and negated Buyer's right to rely on any misrepresentation the van had "good and valid" title. Buyer responded by pointing out the Carfax report Dealer included as an exhibit to its summary judgment motion could not have been the same one given to Manager because it included events that occurred in December 2019 through September 2020. Buyer further argued the Carfax report Manager received did not include any information indicating the van was in a prior collision or held a salvage title. Hence, the material misrepresentation at issue is the van's title designation at the time of purchase.

"The test of whether an individual reasonably relied upon a misrepresentation 'is simply whether the representation was a material factor influencing final action.'" *Pecos I*, 655 S.W.3d at 593 (quoting *Stein v. Novus Equities Co.*, 284 S.W.3d 597, 603 (Mo. App. E.D. 2009)). "Generally, reliance and the right to rely on the representation is a question for the jury." *Id*. "In nondisclosure cases, a party's silence amounts to a representation where the law imposes a duty to speak." *Hess*, 220 S.W.3d at 765. "Whether or not a duty to disclose exists . . . must be determined on the facts of the particular case." *Id*. (quoting *Ringstreet Northcrest, Inc. v. Bisanz*, 890 S.W.2d 713, 720 (Mo. App. W.D. 1995)). "A duty to speak arises where one party has superior knowledge or information that is not reasonably available to the other." *Id*. "Silence can be an act of fraud where matters are not what they appear to be and the true state of affairs is not discoverable by ordinary diligence." *Id*. (quoting *Bayne v. Jenkins*, 593 S.W.2d 519, 529 (Mo. banc 1980)).

Initially, this Court notes because P.F.'s deposition excerpt was not properly included in the Rule 74.04(c) record in Point I, it cannot be used to establish Buyer's knowledge the van was totaled in a prior collision and subject to a salvage title before agreeing to purchase it. *Green*, 606 S.W.3d at 117–18 (holding summary judgment cannot lie based on a fact outside of the Rule 74.04(c) numbered paragraphs and responses). Dealer's summary judgment motion relied

11

exclusively on a Carfax report it claims it provided to Manager disclosing the van's collision history and title status before Buyer purchased the van. Dealer argued below the Carfax report explicitly negated Buyer's right to rely on any alleged misrepresentation regarding the van's collision history and title status.[4]

In Buyer's response to Dealer's summary judgment motion, it admitted Manager received a Carfax report from Dealer, but Buyer denied the Carfax report Manager received stated the van was involved in a prior collision or the title issued would be a salvage title. Buyer also denied the copy of the Carfax report Dealer attached to its summary judgment motion was the same Carfax report Manager received. Buyer alleged Dealer included a copy of the Carfax report dated November 8, 2021, which Buyer produced during discovery. Buyer further denied the Carfax report Dealer used as an exhibit was the same report Manager delivered to the bank to obtain the van's financing. Buyer attached Manager's affidavit admitting he received a Carfax report but denied it contained any indication the van had collision history or was subject to a salvage title. Manager averred the only copy of the Carfax report he was given was delivered to the bank to obtain financing but stated Dealer did not disclose the van's collision history or title status. Manager averred had he known the van's collision history or title status, Buyer would not have purchased the van and the bank would not have provided financing. Dealer's reply to Buyer's response did not address this dispute.

There is a genuine dispute of material fact regarding the version of the Carfax report Dealer provided to Manager, which speaks to several of Buyer's fraud elements and precludes judgment as a matter of law. *Green*, 606 S.W.3d at 115. The Carfax report exhibit Dealer included in the

---

[4] Dealer stated at oral argument providing a Carfax report gave Buyer an opportunity to independently research the van's title status. This argument was not raised in Dealer's brief. An appellate court will decline to review arguments raised for the first time during oral argument. *State ex rel. Vacation Mgmt. Sols., LLC v. Moriarty*, 610 S.W.3d 700, 703 (Mo. banc 2020).

12

summary judgment record could not be the same Carfax report Manager received in October 2019 because it contains entries spanning from September 2019 through September 2020. Nor did Dealer address or dispute Buyer's assertion the Carfax report attached to its summary judgment motion was the report Buyer produced during discovery or Manager's affidavit asserting he did not receive the Carfax report included in the summary judgment record. Because this Court finds a genuine issue of material fact exists regarding which version of the Carfax report Manager received that goes directly to the challenged fraud elements, the circuit court erred in entering summary judgment in Dealer's favor on Buyer's fraud count. Point II is granted.

*Point III Analysis*

In Point III, Buyer argues the circuit court erred in sustaining summary judgment in Dealer's favor on Buyer's fraud claim due to estoppel because Dealer did not plead or prove facts to support an estoppel defense regarding the van's collision history. Dealer argues, and the circuit court found, Buyer was precluded from supplementing its petition with additional facts regarding the van's collision history during the summary judgment proceedings because Buyer never raised these facts in its original petition.

This Court's disposition of Point II informs Point III because the van's collision history resulting in a salvage title is irrelevant to Buyer's fraud claim. What is relevant is a salvage title existed when Dealer and Buyer began negotiating the van's purchase. Buyer maintains the details of the van's collision history are essential to demonstrate Dealer's knowledge it could provide Buyer with only a salvage title at the time of purchase. Yet, Dealer admitted in its answer it knew at the time of the sale it could provide only a salvage title for the van. "When a party admits in an answer that an allegation in a petition is true, it is deemed to be a judicial admission and the admitted fact is deemed true." *Espinosa, Tr. of Melissa K. Espinosa Revocable Tr. v. Baker*, 631

13

S.W.3d 631, 637 (Mo. App. W.D. 2021) (quoting *Stroup v. Leipard*, 981 S.W.2d 600, 604 (Mo. App. W.D. 1998)). Dealer's admission is pertinent to its knowledge regarding any alleged misrepresentation of the van's title designation independent of the van's collision history. Hence, this Court need not resolve whether the circuit court erred in finding Buyer was estopped from supplementing its petition with these facts because the circuit court ultimately reached the proper result on this issue. *See Pecos I*, 655 S.W.3d at 585 (holding this Court may sustain summary judgment on any theory so long as the circuit court reached a proper result). Point III is denied.

*Points IV and V:  Breach of Warranty of Title*
*Party Positions*

This Court will address Points IV and V together as they both challenge the circuit court's entry of summary judgment in Dealer's favor on Buyer's breach of warranty of title claim. In Point IV, Buyer alleges the circuit court erred in sustaining summary judgment in Dealer's favor on Buyer's breach of warranty of title claim as a matter of law because section 400.2-312(1) controls and codifies the law that buyers receive the title to which they, in good faith, expect to acquire by their purchases. Buyer argues the circuit court erred in finding the warranty of title was not breached when it received a salvage title after Dealer represented a "good title" would be provided and Buyer expected to receive "good title," not a salvage title. Dealer argues summary judgment was appropriate because it conveyed "good title" to the van under section 400.2-312(1) because the statute's plain language provides "good title" means a title free from encumbrances or third-party claims.

*Point IV Analysis*

Section 400.2-312 governs warranty of title. Buyer cites section 400.2-312(1)(a), which states in part, "There is in a contract for sale a warranty by the seller that the title conveyed shall be good, and its transfer rightful." Buyer argues section 400.2-312(1)(a) codifies the seller's

14

implied warranty in every sales contract "that the title conveyed shall be good, and its transfer rightful." Buyer cites Comment 1 to section 400.2-312 explaining this subsection "makes provision for a buyer's basic needs in respect to a title which he in good faith expects to acquire by his purchase, namely, that he receive a good, clean title transferred to him." Hence, Buyer contends because it expected to acquire a "good title" when purchasing the van, and instead received a salvage title, section 400.2-312(1)(a) entitles Buyer to judgment as a matter of law on its breach of warranty of title claim. This Court disagrees.

Buyer's selective quotation from section 400.2-312 ignores the remainder of subsection (1), which joins subdivision (a) with subdivision (b) to state, "*and* the goods shall be delivered free from any security interest or other lien or encumbrance of which the buyer at the time of contracting has no knowledge." Emphasis added. Buyer also quotes selectively from Comment 1 by omitting the remainder of the sentence, which states:

> Subsection (1) makes provision for a buyer's basic needs in respect to a title which he in good faith expects to acquire by his purchase, *namely, that he receive a good, clean title transferred to him also in a rightful manner so that he will not be exposed to a lawsuit in order to protect it.*

Emphasis added.

Hence, a "good, clean title" is one transferred in "a rightful manner so that [Buyer] will not be exposed to a lawsuit" to protect the van's title and is "delivered free from any security interest or other lien or encumbrance of which [Buyer] at the time of contracting has no knowledge." Section 400.2-312(1)(a)-(b). The circuit court correctly declared the law to find section 400.2-312 provides "good title" exists where the goods are delivered free from any security interest or other lien or encumbrance.

Although Buyer contends it did not expect to receive a salvage title for the van at the time of purchase, Buyer cites no authority to support its position a "good title" is one that is not subject

15

to another classification, such as a salvage title. Buyer likewise makes no argument the van's title was subject to any third-party security interest, lien, or encumbrance prohibiting Dealer from conveying "good title." Buyer admits it took possession of the van, received a certificate of title from Dealer, and executed the assignment of title with the prior salvage motor vehicle designation. With the prior salvage motor vehicle title, Buyer was able to register the title with the department of motor vehicles, obtain a new title demonstrating Buyer's ownership interest, insure the van, use the van in its business, and earn a profit therefrom. The circuit court properly found Buyer received "good title" for the van and Dealer did not breach the warranty of title. Point IV is denied.

*Point V Analysis*

In Point V, Buyer argues the circuit court erred in sustaining summary judgment in Dealer's favor on Buyer's breach of warranty of title claim as a matter of law because sales documents' warranty disclaimers did not disclaim the implied warranty Dealer would provide a "good and valid title." Dealer argues summary judgment was appropriate because the sales documents effectively disclaimed all warranties, express and implied.

Because this Court finds Dealer provided Buyer with "good title" to the van, we need not decide whether Dealer's warranty disclaimers were sufficient to disclaim the warranty of title to the van. The circuit court did not err in entering summary judgment in Dealer's favor on Buyer's breach of warranty of title claim. Point V is denied.

*Point VI: Breach of Contract*
*Party Positions*

In Point VI, Buyer argues the circuit court erred in sustaining summary judgment in Dealer's favor on Buyer's breach of contract claim because the sales contract contained an implied contractual obligation to provide "a good and valid (not salvage) title" to the van. Buyer maintains issues of fact exist as to whether Buyer is estopped from claiming Dealer breached an implied

16

contractual term by failing to provide "a good and valid (not salvage) title." Buyer also argues it used the salvage title under protest, which did not constitute a waiver or preclude Buyer from pursuing its claims against Dealer. Dealer contends summary judgment was appropriate because there is no material fact in dispute regarding whether Buyer received "good title" to the van. Dealer further argues Buyer waived its contract claim through its actions of signing the prior salvage motor vehicle title, insuring the van, registering the van, using the van in its business, and earning a profit from its use.

*Analysis*

"The three essential elements of a valid contract are offer, acceptance, and bargained for consideration." *Bridgecrest Acceptance Corp. v. Donaldson*, 648 S.W.3d 745, 752 (Mo. banc 2022). "In Missouri, all contracts have an implied covenant of good faith and fair dealing." *Lucero v. Curators of Univ. of Mo*. 400 S.W.3d 1, 9 (Mo. App. W.D. 2013) (quoting *Glenn v. HealthLink HMO, Inc*., 360 S.W.3d 866, 877 (Mo. App. E.D. 2012)). This "implied covenant simply prohibits one party from depriving the other party of its expected benefits under the contract." *Park Ridge Assocs. v. U.M.B. Bank*, 613 S.W.3d 456, 465 (Mo. App. E.D. 2020) (quoting *Jennings v. Bd. of Curators of Mo. State Univ.*, 386 S.W.3d 796, 798 (Mo. App. S.D. 2012)). "There can be no breach of that duty, however, 'when the contract expressly permits the actions being challenged, and the defendant acts under the express terms of the contract.'" *Siebert v. Peoples Bank*, 632 S.W.3d 461, 469 (Mo. App. S.D. 2021) (quoting *Park Ridge Assocs.*, 613 S.W.3d at 465).

The summary judgment record demonstrates Buyer admitted Dealer performed each essential term of the sales contract by delivering the van to Buyer in exchange for the purchase price. Buyer argues, however, its expected benefit under the contract was to receive "good and valid" title to the van and Dealer breached its implied contractual obligation to provide that title.

17

This Court disagrees given our analysis in Point IV holding Buyer received "good and valid" title to the van. The summary judgment record further demonstrates Buyer saw the prior salvage motor title designation on the certificate of title, executed the title assignment, registered, licensed, and insured the van, then used the van in its business to earn a profit. Buyer contends, "It is surely not the law that a party who purchased a motor vehicle believing that a good and valid (not salvage) title would be provided is precluded from recovering damages, through the loss of fair market value that results from a salvage title, simply because, after filing suit, the purchaser used the vehicle, operating it under a salvage title." Buyer cites no authority for this proposition. Buyer also cites no fact in the Rule 74.04(c) record demonstrating it was using the title "under protest" or if lodging any protested use would insulate it from jeopardizing its breach of contract claim. The circuit court did not err in entering summary judgment in Dealer's favor on Buyer's breach of contract claim. Point VI is denied.

## Conclusion

The circuit court's judgment is affirmed in part, reversed in part, and the case is remanded for further proceedings consistent with this opinion.

_____
Philip M. Hess, Judge

Michael E. Gardner, P.J. and
James M. Dowd, J. concur.

19